

ENTERED
12/06/2013

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 12-37424** |
| **JANUS J. DE CUNAE; fdba JANUS J DE** | § | **CHAPTER  7** |
| **CUNAE DDS LLC** | § | |
| | § | |
| Debtor(s). | § | **DAVID R. JONES** |

## MEMORANDUM OPINION
(Docket No. 19)

Before the Court is the United States Trustee's Motion to Dismiss Chapter 7 Case Under 11 U.S.C. § 707(b).  After considering the evidence and arguments of the parties and for the reasons set forth below, the Court denies the Motion to Dismiss.  A separate order consistent with this opinion will issue.

## Factual Background

Janus J. De Cunae (the "Debtor") received his doctorate degree from the New York University School of Dentistry in 1997.  After graduation, the Debtor opened a private dental practice in New Mexico.  After some initial success, the Debtor experienced a number of hardships in both his personal and professional life.  The dental practice failed leaving the Debtor personally responsible for numerous business debts.  The Debtor went through a trying divorce proceeding and assumed responsibility for raising his minor child.  The Debtor also suffered a stroke and was unable to work full time for an extended period.  Although the Debtor was ultimately able to find temporary employment as a dentist on a contract basis, the Debtor was forced to file for bankruptcy on October 1, 2012.

In order to fund his dental education, the Debtor obtained a series of student loans.  The parties stipulated that the Debtor's total student loan debt on the petition date was $251,058.  Of this amount, the parties stipulated that $30,126.96 was used to pay the Debtor's living expenses during school.  The parties further stipulated that this amount is a consumer debt for purposes of analysis under 11 U.S.C. § 707(b).  The balance of $220,931.04 was used to pay the Debtor's tuition, fees and costs of books and other school materials (the "Disputed Student Loan Amount").  The parties dispute whether this amount should be characterized as consumer debt.

In his schedules, the Debtor reported secured debts of $266,784.16, priority unsecured debts of $9,700 and general unsecured debts of $624,131.66.  At trial, the parties stipulated to the following amounts and classifications:

**Secured Debt**

| Creditor | Claim Amount | Classification |
|---|---|---|
| Wells Fargo | $201,307.00 | Consumer |
| Wells Fargo | $62,427.00 | Consumer |
| Bernalillo County | $3,050.16 | Consumer |

Total Consumer:          $266,784.16
Total Non-Consumer:          $0.00

**Priority Unsecured Debt**

| Creditor | Claim Amount | Classification |
|---|---|---|
| Internal Revenue Service | $9,700.00 | Non-Consumer |

Total Consumer:          $0.00
Total Non-Consumer:          $9,700.00

**General Unsecured Debt**

| Creditor | Claim Amount | Classification |
|---|---|---|
| American Express (1463) | $27,340.00 | Consumer |
| Capital One | $9,966.00 | Consumer |
| Fin. Recovery Services (1157) | $16,369.31 | Consumer |
| Fin. Recovery Services (1158) | $17,658.00 | Consumer |
| Pay Pal Credit | $1,733.00 | Consumer |
| U.S. Bank | $11,588.56 | Consumer |
| ADT | $2,300.00 | Non-Consumer |
| American Express (4823) | $21,006.00 | Non-Consumer |
| Automated Recovery Systems | $1,097.43 | Non-Consumer |
| AWA Collections | $1,211.75 | Non-Consumer |
| Bank of America | $31,405.00 | Non-Consumer |
| Bank of America (bus. loan) | $223,052.23 | Non-Consumer |
| Carestream Dental | $114.09 | Non-Consumer |
| N. Mexico Gas Co. | $113.24 | Non-Consumer |
| P&G Oral Health | $449.58 | Non-Consumer |

| Creditor | Claim Amount | Classification |
|---|---:|---|
| PNM | $169.47 | Non-Consumer |
| Triwest Management, LLC | $7,500.00 | Non-Consumer |

Total Consumer:          $84,654.87
Total Non-Consumer:   $288,418.79

## **Procedural Background**

The Debtor filed a voluntary chapter 7 petition on October 1, 2012 [Docket No. 1].  On February 6, 2013, the United States Trustee (the "UST") filed a Motion to Dismiss Chapter 7 Case Under 11 U.S.C. § 707(b) [Docket No. 19].  In its motion, the UST asserts that the Debtor's obligations are primarily consumer debts and that the case should be dismissed pursuant to § 707(b)(2) or (b)(3).  The Debtor filed his response to the UST's motion on February 26, 2013 and denied that his debts are primarily consumer debts [Docket No. 25].

The Court conducted a trial on the UST's motion on July 30, 2013.   The parties stipulated to the admission of all exhibits[1] and to all relevant facts except for the characterization of the Disputed Student Loan Amount.  The only witness examined was the Debtor.  Based on the evidence adduced at trial, the Court makes the following findings of fact and conclusions of law.

## **Analysis**

The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334.  This contested matter is a core proceeding under 28 U.S.C. § 157.  The Court has constitutional authority to enter a final order in this adversary proceeding.

The UST seeks the dismissal of this case pursuant to 11 U.S.C. § 707(b).  Section 707(b) provides that, after notice and a hearing, the court may dismiss a case filed by an individual debtor under chapter 7 whose debts are primarily consumer debts, or, with debtor's consent convert such a case to one under chapter 11 or 13, if it finds that granting relief would be an abuse.  The threshold issue under § 707(b) is whether the debtor's obligations are "primarily consumer debts."  If the debtor's obligations are primarily consumer debts, the Court will next examine whether allowing the debtor to continue under chapter 7 constitutes an abuse.  If the debtor's obligations are not primarily consumer debts, the Court's inquiry ends.  The party seeking dismissal bears the burden of proving that the debtor's obligations are primarily consumer debts. *In re Martin*, 2013 WL 5423954, at *3 (Bankr. S.D. Tex., Sept. 26, 2013).

The Bankruptcy Code does not define the term "primarily."  The Fifth Circuit has suggested that "primarily" means that the ratio of consumer debts to all debts is greater than fifty

---

[1]  The Debtor's Exhibits 1-4 and the UST's Exhibits 1-30 were admitted by agreement.

percent.  *In re Booth*, 858 F.2d 1051, 1055 (5th Cir. 1988).    This Court concurs and adopts this common sense suggestion.

A "consumer debt" is a "debt incurred by an individual for a personal, family, or household purpose." 11 U.S.C. § 101(8).  In practical application, Courts have often struggled with this definition when categorizing debts for purposes of § 707(b) as "consumer debts" or something else. *See In re Millikan*, 2007 WL 6260855 *5 (Bankr. S.D. Ind., September 4, 2007). The Fifth Circuit Court of Appeals has adopted the "profit motive" test for determining whether a debt should be classified as a consumer debt.  *In re Booth*, 858 F.2d 1051, 1055 (5th Cir. 1988).  The profit motive test excludes a debt from being a consumer debt if it "was incurred with an eye toward profit." *Id.*  In evaluating whether a profit motive exists, a court should examine the entirety of the transaction to determine the true purpose for the extension of the credit.  *Riviere v. Banner Chevrolet, Inc.*, 184 F.3d 457, 462 (5th Cir. 1999).

In *Booth*, the Court examined whether a signature loan was a consumer debt when part of the proceeds were used to invest in a marina project. *Booth*, 858 F.2d at 1055.  In bifurcating the debt, the *Booth* Court looked at the entirety of the transaction, the debtor's intent and the ultimate use of the proceeds.  *Id*.  The profit motive test is easily applied to classify debts such as credit to purchase a big screen television for home use versus the acquisition of inventory for a business. The test becomes much more difficult to apply in a situation such as a student loan where the debt is not directly related to the purchase of a tangible good or an investment in a commercial business venture.

### Student Loans

There is a dearth of authority on the appropriate classification of student loans for purposes of § 707(b).  The Tenth Circuit Court of Appeals tackled the issue in *In re Stewart*, 175 F.3d 796 (10th Cir. 1999).   Recognizing the complexities of classifying an individual's education, the *Stewart* Court determined that student loans were not per se consumer debts.  *Id.* at 806-07.  Instead, the Court focused on how the loan proceeds were actually utilized.   The *Stewart* Court ultimately determined that the student loans at issue were consumer debts because the evidence presented established that the proceeds were used for family expenses and to maintain a certain lifestyle. *Id*.  This analysis comports with the *Booth* profit motive test and the *Riviere* totality of the circumstances approach.

In the instant case, the parties stipulated that $30,126.96 of the Debtor's student loans was used to pay the Debtor's living expenses while attending dental school and that this amount is a consumer debt.  The parties dispute the characterization of Disputed Student Loan Amount of $220,931.04 that was used to pay the Debtor's tuition, fees and costs of books and other school materials. This characterization is critical to a resolution of the UST's motion.  If the Disputed Student Loan Amount is a consumer debt, the relevant ratios for purposes of § 707(b) are as follows:

Consumer Debt:        66.90%[2]
Non-Consumer Debt:  33.10%[3]

If the Disputed Student Loan Amount is not a consumer debt, the ratios are as follows:

Consumer Debt:        42.37%[4]
Non-Consumer Debt:  57.63%[5]

In order to resolve the UST's motion, the Court must therefore determine whether the Debtor's tuition, fees and costs of books and other school materials were incurred with an eye toward profit.

The Debtor testified that he went to dental school with the intent of becoming a business owner.  The Debtor further testified that he hoped to earn a high income to support his family. During his examination, the Debtor acknowledged the personal enhancement provided by his education.  The Debtor testified, however, that neither the need to impress others nor personal self-satisfaction were the motivations for his pursuit of his degree.

The UST argues that the Debtor's education benefitted him personally by improving his mind and person.  The Court sincerely hopes that the Debtor was a better person after graduating from dental school that when he entered.  If the opposite were true, higher education is in trouble.  The Court finds instructive the practical notion espoused by Benjamin Franklin that "[a] learned blockhead is a greater blockhead than an ignorant one."  POOR RICHARD'S ALMANAC, November, 1734.  Applied to this case, the Court finds that the debtor's ability to earn more money increased by attending dental school.

The evidence presented in this case is that the Debtor set out on a course of action to obtain a skill that would improve his ability to earn future income.  The Court can think of no better example of incurring a debt with an eye toward profit.  With respect to the UST's argument that the Debtor's personal benefit creates a consumer debt, the Court finds that the collateral self-enrichment is not the type of "consumption" that is the trademark of a consumer debt. *See Consumer United Capital Corp. v. Straughter (In re Straughter)*, 219 B.R. 672 (Bankr. E.D. Pa. 1998); *In re Marshalek*, 158 B.R. 704 (Bankr. N.D. Ohio 1993); *In re Manning*, 126 B.R. 984 (M.D. Tenn. 1991)

The Court finds that student loan proceeds that are used for direct educational expenses with the intent that the education received will enhance the borrower's ability to earn a future living are not consumer debts.  Accordingly, the Court finds that the Debtor's obligations are

---

[2]   ($266,784.16+$84,654.87+$30,126.96+$220,931.04)/$900,615.82

[3]   ($9,700+$288,418.79)/$900,615.82

[4]   ($266,784.16+$84,654.87+$30,126.96)/$900,615.82

[5]   ($9,700+$288,418.79+$220,931.04)/$900,615.82

42.37% consumer debts.  Since the Debtor's obligations are not primarily consumer debts, section § 707(b) is not applicable to the Debtor and the Court must deny the UST's motion to dismiss.  A separate order consistent with this opinion will issue.

**SIGNED: December 6, 2013.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**